UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOHN SALVA, ERNEST CLEMENTS and  :
JEROME VINET, Individually and on Behalf :
of all Other Persons Similarly Situated, :
                                         :
                    Plaintiffs,          :
                                         :       **COMPLAINT AND**
            -against-                    :       **JURY DEMAND**
                                         :
HEWLETT-PACKARD COMPANY,                 :
                                         :
                    Defendant.           :
---------------------------------------------------------------X

Plaintiffs JOHN SALVA, ERNEST CLEMENTS, and JEROME VINET (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, file this Collective Action Complaint (the "Complaint") against Defendant HEWLETT-PACKARD COMPANY ("Defendant" or "HP"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*.  The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.      Plaintiffs bring this action under the FLSA on behalf of all current and former HP employees who work and/or worked for HP in the ITO Service Delivery, Services Information Development, and Technical Consulting job families at HP's locations within the United States (the "Collective Action Class"). HP violated the FLSA by failing to pay members of the Collective Action Class for all hours worked and failing to pay the Collective Action Class overtime.  Plaintiffs and the Collective Action Class are entitled to unpaid wages from HP for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Plaintiffs' claims involve matters of national or interstate interest.

4. Defendant is subject to personal jurisdiction in New York.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff John Salva is an adult individual residing in Rochester, New York who was employed by Defendant Hewlett-Packard Company as an Information Analyst in the Services Information Development job family from in or about October 2009 to in or about March 2010.

8. Plaintiff Ernest Clements is an adult individual residing in McKinney, Texas who was employed by Defendant Hewlett-Packard Company as an Infrastructure Specialist Senior in the Technical Consulting job family from in or about October 2009 to in or about November 2010.

9. Plaintiff Jerome Vinet is an adult individual residing in Littleton, Colorado who was employed by Defendant Hewlett-Packard Company as a Telecommunications Analyst in the ITO Service Delivery job family from in or about 2001 until in or about February 2011.

10. Defendant Hewlett-Packard Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3000 Hanover St.,

Palo Alto, California. Hewlett-Packard Company operates an enterprise engaged in commerce within the meaning of the FLSA. Defendant is and was engaged in business in the State of New York so that the exercise of jurisdiction over it is proper. Hewlett-Packard Company had annual gross revenues in excess of $500,000 during the statutory time period applicable to this Complaint.

## FACTS

11.     HP employed Plaintiffs and members of the Collective Action Class in the Services Information Development, Technical Consulting, and ITO Service Delivery job families at HP's locations within the United States.

12.     Plaintiffs and the Collective Action Class regularly worked in excess of 40 hours per workweek without receiving the legally required amount of overtime wages from HP for all hours worked by them as required by the FLSA.

13.     Plaintiffs and the Collective Action Class primarily performed non-exempt job duties and, therefore, HP misclassified them as exempt from the FLSA. Plaintiffs and the Collective Action Class did not perform work directly related to management policies or general business operations and did not customarily and regularly exercise discretion and independent judgment.

14.     Plaintiffs and the Collective Action Class did not design, develop, document, analyze, create, test or modify computer systems, programs or machine operating systems. Plaintiffs and the Collective Action Class members also did not have the primary duty relating to the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications.

15. HP maintained a uniform policy or practice of willfully failing to pay Plaintiffs and the Collective Action Class for all hours worked in a workweek including overtime.

16. HP also failed to maintain accurate and sufficient timekeeping records in compliance with the FLSA.

17. HP's failure to comply with the FLSA caused Plaintiffs and the Collective Action Class members to suffer lost wages and interest thereon.

18. All actions and omissions described in this Complaint were made by HP directly or through its supervisory employees and agents.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Class, as defined above.

20. Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

21. Plaintiffs and the Collective Action Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Defendant also failed to pay Plaintiffs and all Collective Action Members overtime compensation on a timely basis in violation of the FLSA. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

22. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Defendant employs many employees in the

ITO Service Delivery, Services Information Development, and Technical Consulting job families throughout the United States who are compensated pursuant to HP's common policy regarding overtime compensation. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

23.   Plaintiffs reallege and incorporate by reference the preceding paragraphs.

24.   At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25.   At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and each of the Collective Action Class members within the meaning of the FLSA.

26.   At all relevant times, Defendant has had annual gross revenues exceeding $500,000.

27.   At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiffs and all Collective Action Members in the ITO Service Delivery, Services Information Development, and Technical Consulting job families at HP's locations within the United States and for overtime for all hours worked in a workweek in excess of 40 hours per workweek. Defendant also failed to pay Plaintiffs and all Collective Action Members overtime compensation on a timely basis in violation of the FLSA.

28. As a result of Defendant's willful failure to compensate Plaintiffs and the Collective Action Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

29. Defendant has failed to make, keep and preserve records with respect to Plaintiffs and the Collective Action Class members sufficient to determine their wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

30. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31. Due to Defendant's FLSA violations, Plaintiffs and the Collective Action Class members are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of forty in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

    a. Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action, apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

      c.    An award of unpaid wages for all hours worked including all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA;

      d.    An award of liquidated and/or punitive damages as a result of HP's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

      e.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

      f.    An award of prejudgment and post-judgment interest;

      g.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      h.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Rye Brook, New York
       June 15, 2012

By: _____
    Seth R. Lesser
Fran L. Rudich
Michael J. Palitz*
Kyra Hild*
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
(914) 934-9200

Marc Hepworth*
Charles Gershbaum*
David Roth*
HEPWORTH GERSHBAUM &
ROTH PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 545-1199

Cary S. McGehee*
Beth M. Rivers*
Maureen M. Crane*
PITT, MCGEHEE, PALMER, RIVERS &
GOLDEN, PC
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

Brian Bromberg*
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

**ATTORNEYS FOR PLAINTIFFS**

*Pro Hac Motions to be submitted