UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ERNEST CLEMENTS, JOHN SALVA, and :
JEROME VINET, Individually and on Behalf : CASE NO. 1:14-cv-07484-UA
of all Other Persons Similarly Situated, :
:
Plaintiffs, :
: **AMENDED COMPLAINT**
-against- : **AND JURY DEMAND**
:
HEWLETT-PACKARD COMPANY, :
:
Defendant. :
---------------------------------------------------------------X

   Plaintiffs ERNEST CLEMENTS, JOHN SALVA, and JEROME VINET (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, file this Amended Complaint (the "Complaint") against Defendant HEWLETT-PACKARD COMPANY ("Defendant" or "HP"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

   1. Plaintiffs bring this action under the FLSA on behalf of all current and former HP employees who work and/or worked for HP in the Service Information Developer I, ITO Service Delivery Consultant I and ITO Service Delivery Consultant II job codes at HP's locations within the United States (the "Collective Action Class"). HP violated the FLSA by failing to pay members of the Collective Action Class for all hours worked and failing to pay the Collective Action Class overtime. Plaintiffs and the Collective Action Class are entitled to unpaid wages from HP for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

   2. Plaintiffs, pursuant to Fed. R. Civ. P. 23, brings this action on behalf of current

and former employees who work and/or worked for HP in the Service Information Developer I, ITO Service Delivery Consultant I and ITO Service Delivery Consultant II job codes under the laws of the following states: California, Florida, Indiana, Massachusetts, Michigan, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and Virginia (the "States") that they are entitled to: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by the wage and hour laws in the States; (ii) liquidated damages; and (iii) penalties (the "State Class").

3.  The Collective Action Class and the State Class are hereinafter referred to as the "Class."

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.  Plaintiffs' claims involve matters of national or interstate interest.

6.  Defendant is subject to personal jurisdiction in New York.

7.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

8.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9.  Plaintiff Ernest Clements is an adult individual residing in McKinney, Texas who was employed by Defendant Hewlett-Packard Company as an Infrastructure Specialist Senior from in or about October 2009 to in or about November 2010.

10. Plaintiff John Salva is an adult individual residing in Rochester, New York who was employed by Defendant Hewlett-Packard Company as an Information Analyst in the

Services Information Development job family from in or about October 2009 to in or about March 2010.

11. Plaintiff Jerome Vinet is an adult individual residing in Littleton, Colorado who was employed by Defendant Hewlett-Packard Company as a Telecommunications Analyst in the ITO Service Delivery job family from in or about 2001 until in or about February 2011.

12. Defendant Hewlett-Packard Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3000 Hanover St., Palo Alto, California. Hewlett-Packard Company operates an enterprise engaged in commerce within the meaning of the FLSA. Defendant is and was engaged in business in the State of New York so that the exercise of jurisdiction over it is proper. Hewlett-Packard Company had annual gross revenues in excess of $500,000 during the statutory time period applicable to this Complaint.

**FACTS**

13. HP employed Plaintiffs and members of the Class in the Service Information Developer I, ITO Service Delivery Consultant I and ITO Service Delivery Consultant II job codes at HP's locations within the United States.

14. Plaintiffs and the Class regularly worked in excess of 40 hours per workweek without receiving the legally required amount of overtime wages from HP for all hours worked by them as required by the FLSA and the wage and hour laws of the States.

15. Plaintiffs and the Class primarily performed non-exempt job duties and, therefore, HP misclassified them as exempt. Plaintiffs and the Class did not perform work directly related to management policies or general business operations and did not customarily and regularly exercise discretion and independent judgment.

16. Plaintiffs and the Class did not design, develop, document, analyze, create, test or modify computer systems, programs or machine operating systems. Plaintiffs and the Class members also did not have the primary duty relating to the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications.

17. HP maintained a uniform policy or practice of willfully failing to pay Plaintiffs and the Class for all hours worked in a workweek including overtime.

18. HP also failed to maintain accurate and sufficient timekeeping records in compliance with the FLSA.

19. HP's failure to comply with the FLSA caused the Class members to suffer lost wages and interest thereon.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Class, as defined above.

21. Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

22. Plaintiffs and the Collective Action Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Defendant also failed to pay Plaintiffs and all Collective Action Members overtime compensation on a timely basis in violation of the FLSA.

Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

23. The similarly situated employees in the Collective Action Class are known to Defendant, are readily identifiable, and can be located through Defendant's records. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ALLEGATIONS

24. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

25. Plaintiffs bring their State Law Claims on behalf of themselves and those individuals who were employed by Defendant in the Service Information Developer I, ITO Service Delivery Consultant I and ITO Service Delivery Consultant II job codes in California, Florida, Indiana, Massachusetts, Michigan, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and Virginia at any time from June 15, 2009 through the date that the Court grants preliminary approval of the Settlement.

26. The persons in the State Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 1000 members of the State Class during the State Class Periods.

27. The claims of Plaintiffs are typical of the claims of the State Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court vigorously against a defendant.

28. Defendant has acted or refused to act on grounds generally applicable to the State Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the State Class as a whole.

29. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

30. Plaintiffs have the same interests in this matter as all other members of the State Class and Plaintiffs' claims are typical of the State Class.

31. There are questions of law and fact common to the State Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendant employed the members of the Class within the meaning of the State Labor Laws;

   b. what proof of hours worked is sufficient where employer fails in its duty to maintain time records;

   c. whether Defendant failed and/or refused to pay the members of the Class for all of the hours worked by them, as well as premium pay for hours worked in excess of 40 hours per workweek within the meaning of the State Labor Laws;

   d. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

   e. whether Defendant should be enjoined from such violations of the State Labor Laws in the future.

## FIRST CLAIM FOR RELIEF:
## <u>FAIR LABOR STANDARDS ACT</u>

32. Plaintiffs, on behalf of themselves and the members of the Collective Action Class, reallege and incorporate by reference paragraphs 1 through 31 as if they were set forth again herein.

33. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and each of the Collective Action Class members within the meaning of the FLSA.

35. At all relevant times, Defendant has had annual gross revenues exceeding $500,000.

36. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiffs and all Collective Action Members in the Service Information Developer I, ITO Service Delivery Consultant I and ITO Service Delivery Consultant II job codes at HP's locations within the United States for all hours worked in a workweek and for overtime for all hours worked in excess of forty hours per workweek. Defendant also failed to pay Plaintiffs and all Collective Action Members overtime compensation on a timely basis in violation of the FLSA.

37. As a result of Defendant's willful failure to compensate Plaintiffs and the Collective Action Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated and

continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38. Defendant has failed to make, keep and preserve records with respect to Plaintiffs and the Collective Action Class members sufficient to determine their wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

39. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. Due to Defendant's FLSA violations, Plaintiffs and the Collective Action Class members are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of forty in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME TO MEMBERS OF THE STATE CLASS

41. Plaintiffs, on behalf of themselves and the members of the State Class, realleges and incorporates by reference paragraphs 1 through 31 as if they were set forth again herein.

42. Defendant's failure to pay Plaintiffs and members of the State Class overtime compensation at a rate not less than one and one-half times the rate at which they are entitled for work performed beyond the 40-hour workweek, is a violation of the State Labor Laws.

43. Due to Defendant's violations of the State Labor Laws, Plaintiffs and the members of the State Class are entitled to recover from Defendant their unpaid overtime

compensation, all applicable statutory damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to the State Labor Laws.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

      a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the State Class and appointing Plaintiffs and their counsel to represent the State Class;

      b.    Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      c.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the State Labor Laws;

      d.    An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA and the State Labor Laws;

      e.    An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the State Labor Laws;

      f.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g. An award of prejudgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Rye Brook, New York
      September 16, 2014

By: _____
Seth R. Lesser
Fran L. Rudich
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
(914) 934-9200

Marc Hepworth
Charles Gershbaum
David Roth
HEPWORTH GERSHBAUM &
ROTH PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 545-1199

Cary S. McGehee*
Beth M. Rivers*
Maureen M. Crane*
PITT, MCGEHEE, PALMER, RIVERS &
GOLDEN, PC
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

Brian Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010

New York, NY 10005
(212) 248-7906

**ATTORNEYS FOR PLAINTIFFS**

*Pro Hac Motions to be submitted