UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLEY CUNNINGHAM and TAMMYE CUNNINGHAM, JOHN PATRICK CONFAR, MICHAEL SNYDER, GEGORY BROUSSEAU and ROBERT SCHWAB Individually and on Behalf of all Other Persons Similarly Situated,<br><br>    Plaintiffs,<br><br>-against-<br><br>ELECTRONIC DATA SYSTEMS CORPORATION,<br><br>    Defendant. | Civil Action No. 06-cv-03530-LAP-MHD<br><br> |
| BRIAN STEAVENS, TAMURA L. GOLDBERG, DANIEL HEIN, BART KUHLMAN, STEPHEN LENKNER and ROD DELUHERY Individually and on Behalf of all Other Persons Similarly Situated,<br><br>    Plaintiffs,<br><br>-against-<br><br>ELECTRONIC DATA SYSTEMS CORPORATION,<br><br>    Defendant. | Civil Action No. 08-CV-10409-LAP-MHD |
| JOHN SALVA, ERNEST CLEMENTS, and JEROME VINET Individually and on Behalf of all Other Persons Similarly Situated,<br><br>    Plaintiffs,<br><br>-against-<br><br>HEWLETT-PARCKARD COMPANY,<br><br>    Defendant. | Civil Action No. 1:14-cv-07484-UA |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-4-14

## [PROPOSED] ORDER AUTHORIZING NOTICE OF THE PROPOSED SETTLEMENT AND NOTICE OF FINAL APPROVAL HEARING

This matter comes before the Court on the Joint Motion for Preliminary Approval of Settlement of Collective and Class Action ("Joint Motion").

Plaintiffs Kelley Cunningham, Tammye Cunningham John Confar, Gregory Brousseau, Robert Schwab, Brian Steavens, Tamura Goldberg, Daniel Hein, and Rod Deluhery ("Cunningham Plaintiffs") assert claims in two lawsuits brought under the Fair Labor Standards Act ("FLSA") against Electronic Data Systems, Inc. ("EDS") on behalf of current and former exempt EDS employees who worked in particular EDS job codes in the above-styled action. These two actions were then consolidated, for pretrial purposes only, in the United States District Court for the Southern District of New York (collectively, "Cunningham Litigation"). The Court subsequently conditionally certified a collective action consisting of all individuals employed by EDS in twenty (20) distinct EDS job codes. These covered EDS job codes were: Information Associate (Code No. 34330), Information Analyst (34200), Information Specialist (34210), Information Specialist Senior (34220), Infrastructure Analyst (34260), Infrastructure Specialist (34270), Infrastructure Specialist Senior (34280), Service Center Analyst (34530), Service Center Analyst Advanced (34540), Service Center Analyst Senior (34550), Systems Administrator (34060), Systems Administrator Advanced (34070), Systems Administrator Senior (34080), Telecommunications Analyst (34500), Telecommunications Analyst Advanced (34510), Telecommunications Analyst Senior (34520), Information Security Analyst (33700), and Information Security Analyst Advanced (33710), Information Security Analyst Senior (33720), and Information Security Master (33730). Following the mailing of notice to the

conditionally certified collective, approximately 2,735 individuals across the twenty (20) distinct EDS job codes opted in to the Cunningham Litigation.

Plaintiffs John Salva, Ernest Clements, and Jerome Vinet ("Salva Plaintiffs"), who were opt-ins in the Cunningham Litigation, subsequently commenced a lawsuit in the United States District Court for the Western District of New York asserting FLSA claims against Hewlett-Packard Company ("HP") on behalf of themselves and other individuals who had been employed by HP in the ITO Service Delivery, Services Information Development, and Technical Consulting job families at HP locations throughout the United States. ("Salva Litigation"). The Salva Litigation has been transferred to the United States District Court for the Southern District of New York, and consolidated with the Cunningham Litigation, and the Salva Plaintiffs have sought to amend their complaint to add additional state law claims under Fed. R. Civ. P. 23. The Cunningham Plaintiffs and the Salva Plaintiffs ("Plaintiffs") jointly seek approval of the settlement of both the Cunningham Litigation and the Salva Litigation (collectively, the "Litigation").

For purposes of settlement only, Plaintiffs seek the certification of the following opt-out settlement class pursuant to Fed. R. Civ. P. 23: the "PUTATIVE SALVA STATE LAW CLASS," which refers to any and all persons employed by HP in the Service Information Developer I (Code No. 00S46F), ITO Service Delivery Consultant I (00S15F), and ITO Service Delivery Consultant II (00S15G) HP job codes (the "Covered Salva Job Codes") in California, Florida, Indiana, Massachusetts, Michigan, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and/or Virginia from June 16, 2009 through and including entry of the Order Authorizing Notice Of The Proposed Settlement And Notice Of Final Approval Hearing ("Preliminary Approval Order"). For purposes of settlement only, Plaintiffs also seek

conditional certification of an opt-in settlement class pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"):  the "PUTATIVE FLSA CLASS," which refers to any and all persons employed by HP in the Service Information Developer I (Code No. 00S46F), ITO Service Delivery Consultant I (00S15F), and ITO Service Delivery Consultant II (00S15G) HP job codes from June 16, 2009 through and including entry of the Preliminary Approval Order (collectively, the "Settlement Classes").

Plaintiff has requested that the Court enter an Order:  (i) asserting jurisdiction over the claims alleged, the Parties in the Litigation, and the implementation and administration of the parties' Stipulation and Settlement Agreement ("Settlement Agreement"); (ii) preliminarily finding the terms of the Stipulation and Settlement Agreement to be adequate, fair, and reasonable and in the best interests of Plaintiffs, Cunningham Opt-In Plaintiffs, and members of the Settlement Classes; (iii) preliminarily certifying, pursuant to Fed. R. Civ. P. 23 and the FLSA, the Salva Settlement Classes for purposes of settlement only; (iv) appointing John Confar, Gregory Brousseau, Robert Schwab, Brian Steavens, Tamura Goldberg, Daniel Hein, Rod Deluhery, John Salva, Ernest Clements, and Jerome Vinet as "Plaintiffs", who together with Class Counsel, shall be authorized to act on behalf of all Plaintiffs, Cunningham Opt-In Plaintiffs, and members of the Settlement Classes with respect to the Litigation and the Settlement Agreement; (v) appointing Class Counsel as counsel for the Settlement Classes pursuant to Fed. R. Civ. P. 23(g) and authorizing notice that Class Counsel requests 33.33% in attorneys' fees and also requests recovery of Class Counsel's expenses and costs; (vi) appointing Garden City Group ("GCG"), as the Parties' Claims Administrator; (vii) approving the form and content, and authorizing distribution of the Notice of Settlement of Class and Collective Action ("Settlement Notice") (Exhibit 1 to the Settlement Agreement) and Claim Form Package (Exhibit

2 to the Settlement Agreement) and setting a sixty (60) calendar day deadline for the execution and return of Claim Form Packages, filing of objections; (viii) setting a forty-five (45) calendar day deadline for opting-out of the Salva Settlement Classes; (ix) setting the date for the Final Approval Hearing; and (x) granting the Salva Plaintiffs' Motion for Leave to File an Amended Complaint.

Having reviewed and considered the Settlement Agreement and accompanying exhibits, the Joint Motion, all declarations filed in support of the Joint Motion, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order.  Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**ORDER AUTHORIZING NOTICE OF THE SETTLEMENT AGREEMENT**

1.      The Court has jurisdiction over the claims alleged in the Litigation, the Parties in the Litigation, and the implementation and administration of the Parties' Settlement Agreement.

2.      The Court grants the Salva Plaintiffs' Motion for Leave to File a Second Amended Complaint ("SAC"), and the SAC shall be deemed filed as of the date of this Order.

3.      The Court authorizes notice of the settlement set forth in the Settlement Agreement as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Approval Hearing provided for below.

4.          For the purposes of settlement only, the Court appoints Seth R. Lesser of Klafter Olsen & Lesser LLP; Cary S. McGehee of Pitt, Mcgehee, Palmer, Rivers & Golden, PC; Marc S. Hepworth of Hepworth, Gershbaum & Roth, PLLC; Brian Bromberg of Bromberg Law Office, P.C.; and Jeffrey Gottlieb of Berger & Gottlieb as "Class Counsel" pursuant to Fed. R. Civ. P. 23(g) and Section 216(b) of the FLSA for the Cunningham Settlement Class and the Salva Settlement Class. Class Counsel have extensive knowledge in litigating wage and hour collective and class actions such as this, are familiar with the complex factual and legal questions at issue in this Litigation, and will adequately represent the Plaintiffs and members of the Settlement Classes in a comprehensive and vigorous manner.

5.          For the purposes of settlement only, the Court appoints John Confar, Gregory Brousseau, Robert Schwab, Brian Steavens, Tamura Goldberg, Daniel Hein, and Rod Deluhery as "Cunningham Plaintiffs," as the term is defined in the Settlement Agreement. Cunningham Plaintiffs, together with Class Counsel, are hereby authorized to act on behalf of all Cunningham Plaintiffs and members of the Cunningham Settlement Class, including all Cunningham Opt-Ins, with respect to the Litigation and the Settlement Agreement.

6.          For the purposes of settlement only, the Court appoints John Salva, Ernest Clements, and Jerome Vinet as "Salva Plaintiffs," as the term is defined in the Settlement Agreement. Salva Plaintiffs, together with Class Counsel, are hereby authorized to act on behalf of all Salva Plaintiffs and members of the Salva Settlement Classes, including all Salva Opt-In Plaintiffs, with respect to the Litigation and the Settlement Agreement.

## PROVISIONALLY CERTIFYING SETTLEMENT CLASSES FOR SETTLEMENT PURPOSES ONLY

7.          On the basis of the findings set forth below, the Court hereby certifies a plaintiff class pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the

terms of the Settlement Agreement (the "Putative Salva State Law Class"). The "Putative Salva State Law Class" is defined as: any and all persons employed by HP in the Covered Salva Job Codes in California, Florida, Indiana, Massachusetts, Michigan, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and/or Virginia between June 16, 2009 through and including the date of this Preliminary Approval Order.

8.          On the basis of the findings set forth below, the Court hereby certifies a plaintiff class pursuant to Section 216(b) of the FLSA for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Putative Salva FLSA Class"). The "Putative FLSA Class" is defined as: any and all persons employed by HP in the Covered Salva Job Codes between June 16, 2009 through and including the date of this Preliminary Approval Order.

9.          As provided for in the Settlement Agreement, if this Court does not grant final approval of the proposed settlement set forth in the Settlement Agreement, or if the settlement is terminated or cancelled pursuant to the terms of the Settlement Agreement, then the Settlement Agreement, and the certification of the Salva Settlement Classes provided for herein, will be vacated and the Litigation shall proceed as though the Salva Settlement Classes had never been certified, without prejudice to any party's position on the issue of class or collective action certification or any other issue, and the Amended Complaint shall be withdrawn.

10.         The Court finds, for settlement purposes only, that the Salva State Law Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) in that joinder is impractical due to numerosity; the class members have commonality in that there are questions of law and fact common to them in this Litigation; the claims of the named Salva Plaintiffs are typical of the claims of the proposed class members because their claims arise from the same alleged factual events and legal theories; and the Salva Plaintiffs and Class Counsel will fairly and adequately

represent and protect the interests of the proposed class members. There are no conflicts of interest between members of the Salva State Law Settlement Classes. The Salva State Law Settlement Class also satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because common questions of law affecting proposed class members predominate over questions that may affect individual members, and the class action is superior to any other available method for the fair and efficient settlement of this matter. Certification of the Salva State Law Settlement Class is superior to other methods for the fair and efficient adjudication of this matter,

11.    The Court orders the following claims are certified for settlement purposes only: the FLSA, 29 U.S.C. § 201 *et seq.*, and state law claims asserted in Salva Plaintiffs' Amended Complaint.

## APPROVING FORM, CONTENT, AND AUTHORIZING DISTRIBUTION OF SETTLEMENT NOTICE AND CLAIM FORM PACKAGES

12.    The Court approves as to form and content the Settlement Notice (Exhibit 1 to the Settlement Agreement) and Claim Form Package (Exhibit 2 to the Settlement Agreement), and authorizes distribution of the same. The proposed Settlement Notice clearly and accurately describes the nature of the Litigation, the definition of the classes certified for settlement purposes herein, and the Cunningham Plaintiffs' and Salva Plaintiffs' claims and EDS's and HP's ("Defendants") defenses. It also fairly describes the claims to be released by the Settlement Classes. The Settlement Notice apprises members of the Settlement Classes of their ability to (1) opt-in to the Salva FLSA Settlement Class or (2) to opt-out of the Settlement Agreement or object to it, if they are a member of the Putative Salva State Law Class. It also apprises members of the Settlement Classes that, upon final approval of the Settlement, the Parties will ask the Court to enter an order permanently enjoining all members of the Settlement Classes from pursuing any claims that are released under the Agreement.

13.      Any member of the Putative Salva State Law Class wishing to opt-out shall sign and timely submit a written notice of such intent to a designated Post Office box established by the Claims Administrator, as set forth in the Settlement Notice. The written notice must clearly manifest an intent to be excluded from the Salva State Law Settlement Class and comply with the requirements set forth in the Settlement Notice. To be effective, this written request for exclusion must be received on or before forty-five (45) calendar days after the Settlement Notice and Claim Form Package are post-marked and mailed to the members of the Putative Salva State Law Settlement Class.

14.      All members of the Putative Salva State Law Class who do not request to be excluded shall be bound by all terms and conditions of the Settlement Agreement, the Final Approval Order, the Final Judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement. All members of the Putative Salva State Law Class who submit valid and timely notices of their intent to be excluded from the Putative Salva State Law Class: (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any Final Approval Order, or the Final Judgment.

15.      Members of the Settlement Classes, constituting the Cunningham Opt-in Plaintiffs, the Putative Salva State Law Class, and the Putative Salva FLSA Class, who wish to participate in the settlement shall send to the Claims Administrator a Claim Form Package so that it is received by the Claims Administrator on or before sixty (60) calendar days after the Settlement Notice and Claim Form Package are post-marked to members of the Settlement Classes. The Claim Form Package must be completed in accordance with the instructions in the

Claim Form Package, and comply with the requirements set forth in the Settlement Notice. All members of the Settlement Classes who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the settlement set forth in the Settlement Agreement. All Cunningham Opt-in Plaintiffs who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the settlement set forth in the Settlement Agreement and their FLSA claims shall be dismissed with prejudice as of the date of the Court's entry of a Final Approval Order. Moreover, all members of the Settlement Classes who worked for HP in California, Florida, Indiana, Massachusetts, Michigan, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and/or Virginia who fail to comply with these requirements and do not formally exclude themselves from the Putative Salva State Law Class within the time period provided for by the Settlement Agreement shall be forever barred from receiving any settlement payment pursuant to the settlement set forth in the Settlement Agreement, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Final Judgment.

16.    Each member of the Putative Salva State Law Class wishing to object to the settlement shall submit a timely written notice of his or her objection, which shall set forth the individual's full name and address, a detailed statement of the basis for each objection asserted, the legal support for each objection asserted, the grounds on which the individual desires to appear and be heard (if any), and, if the individual is represented by counsel, the name and address of counsel, further provide notice as to whether the objector intends to appear at the Final Approval Hearing, and an entry of appearance. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl

Street, New York, NY 10007-1312 on or before sixty (60) calendar days after the postmark date

of the Settlement Notice and Claim Form Packages and served concurrently therewith upon

Class Counsel (Seth Lesser, Esq. of Klafter Olsen & Lesser LLP, Two International Drive, Suite

350, Rye Brook, New York 10573) and counsel for Defendants (Lisa A. Schreter, Littler

Mendelson, P.C., 3344 Peachtree Road, N.E., Suite 1500 Atlanta, Georgia 30326).

17.     A member of the Putative Salva State Law Class may appear at the Final

Approval Hearing and show cause, if any, why the proposed Settlement Agreement should or

should not be entered thereon; provided, however, that no member of the Putative Salva State

Law Class may appear at the Final Approval Hearing unless he or she no later than sixty (60)

calendar days after the postmark of the Settlement Notice and Claim Form Package: (1) files an

objection, an entry of appearance, and Notice of Intention to Appear with the Clerk of Courts of

the United States District Court for the Southern District of New York; and (2)  serves the same

upon Class Counsel and counsel for Defendants, as more fully stated above.  If the objector is

represented by counsel, the name and address of counsel must also be stated in the Entry of

Appearance.

18.     The Court approves and appoints GCG as the Claims Administrator, who

shall administer the distribution of the Settlement Notice and Claims Forms, as set forth in the

Settlement Agreement in Section III.K.3.

19.     The Court authorizes the distribution of the proposed Settlement Notice and

Claim Form Packages by first-class U.S. mail to members of the Settlement Classes by adopting

the following schedule:

| Deadline | Event |
|---|---|
| Approximately one hundred and fourteen (114) days after entry of Order Authorizing Notice Of The Proposed Settlement And | Mailing of Settlement Notice and Claim Form Packages. |

| Notice Of Final Approval Hearing: | |
|---|---|
| Forty-five (45) calendar days after postmark date of Settlement Notice and Claim Form Packages: | Last day for members of the Putative Salva State Law Classes to "opt out" or to submit a written objection to the settlement (Bar Date).  Claims Administrator must receive opt-out on or before forty-five (45) calendar days after mailing date of Settlement Notice and Claim Form Packages.  Objections, entries of appearance, and notices of intention to appear must be filed with the Court and served on the Parties' counsel on or before sixty (60) calendar days after mailing date of Settlement Notice and Claim Form Packages. |
| Sixty (60) calendar days after postmark date of Settlement Notice and Claim Form Packages: | Last day for members of the Settlement Classes to qualify as an "Authorized Claimant" by timely filing Claim Form Package.  Claims Administrator must receive Claim Form Package on or before sixty (60) calendar days after mailing date of Settlement Notice and Claim Form Packages. |
| Approximately 190 calendar days after the date the Court enters its Preliminary Approval Order: | Last day for filing documents in support of Final settlement approval. |
| Approximately 210 calendar days after the date the Court enters its Preliminary Approval Order: | Final Approval Hearing. |
| Within ten (10) calendar days after the Final Effective Date (as defined in the Settlement Agreement): | Defendants will deliver funds to the Claims Administrator sufficient to enable the Claims Administrator to satisfy the payment obligations to Authorized Claimants and Class Counsel's fees, costs and expenses (as defined the Settlement Agreement). |
| Within twenty (20) calendar days after the Final Effective Date (as defined in the Settlement Agreement): | Qualified members of the Settlement Classes ("Authorized Claimants") shall be mailed a Settlement Payment (as set forth more fully in the Settlement Agreement) and all members of the Final Settlement Classes will be mailed a copy of the Final Approval Order. |
| One hundred and eighty (180) calendar days from the date on which the Final Settlement Payments are mailed: | Last day for qualified members of the Settlement Classes who were mailed a Settlement Payment to negotiate settlement |

| | check (as set forth more fully in the Settlement Agreement). |
|---|---|

20.     The Court further finds that the distribution of the Settlement Notice and Claim Form Package set forth herein is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.

## SETTING DATE OF FINAL APPROVAL HEARING

21.     A Final Approval Hearing shall be held before this Court on 8th day of June 2015 at 10:00 A.M. in Courtroom 12A of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312 to determine (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Classes; (b) whether a Final Judgment as provided in the Settlement Agreement should be entered granting final approval of the settlement; (c) whether, and in what amount, attorneys' fees and expenses should be awarded to Class Counsel; and (d) whether, and in what amount, Service Payments should be made to Named Plaintiffs.

22.     The Court may adjourn and/or continue the Final Approval Hearing without further notice to members of the Settlement Classes.

DONE AND ORDERED, this 3rd day of Nov, 2014.

_Loretta A. Preska_
THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE