UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLEY CUNNINGHAM and TAMMYE CUNNINGHAM, JOHN PATRICK CONFAR, MICHAEL SNYDER, GEGORY BROUSSEAU and ROBERT SCHWAB Individually and on Behalf of all Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ELECTRONIC DATA SYSTEMS CORPORATION,<br><br>Defendant. | Civil Action No. 06-cv-03530-LAP-MHD  |
| BRIAN STEAVENS, TAMURA L. GOLDBERG, DANIEL HEIN, BART KUHLMAN, STEPHEN LENKNER and ROD DELUHERY Individually and on Behalf of all Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ELECTRONIC DATA SYSTEMS CORPORATION,<br><br>Defendant. | Civil Action No. 08-CV-10409-LAP-MHD |
| JOHN SALVA, ERNEST CLEMENTS, and JEROME VINET Individually and on Behalf of all Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>HEWLETT-PARCKARD COMPANY,<br><br>Defendant. | Civil Action No. 1:14-cv-07484-UA |

## ORDER ON UNOPPOSED MOTION
## FOR FINAL APPROVAL OF SETTLEMENT

This matter comes before the Court on the motion of Plaintiffs, by their counsel, Seth R. Lesser of Klafter Olsen & Lesser LLP, Cary S. McGehee of Pitt, Mcgehee, Palmer, Rivers & Golden, PC, and Marc S. Hepworth of Hepworth, Gershbaum & Roth, PLLC ("Class Counsel"); and by Defendants Electronic Data Systems, Inc. ("EDS") and Hewlett-Packard Company ("HP") ("Defendants") and by their counsel Littler Mendelson, P.C., for an order and judgment finally approving the Parties' Stipulation and Settlement Agreement ("Settlement Agreement") and dismissing with prejudice all claims and actions in this case (the "LITIGATION"). After reviewing the Settlement Agreement and other related materials submitted by the parties, including the Plaintiffs' Unopposed Motion For Final Approval of Settlement, the Parties' Settlement Agreement, and the Declaration of Seth R. Lesser and the exhibits thereto, including the Declaration of Jennifer M. Keogh of The Garden City Group, LLC, filed in support thereof, and otherwise being fully informed in the premises, the Court hereby enters the following Final Order and Judgment:

1.  This Court has jurisdiction over the subject matter of these actions and over all parties to these actions pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a), including all members of the Salva Settlement Classes, preliminarily certified for settlement purposes only, by Order dated November 4, 2104 ("Preliminary Approval Order"), and as defined as:

>   (A) "PUTATIVE SALVA STATE LAW CLASS," which refers to any and all persons employed by HP in the Service Information Developer I (Code No. 00S46F), ITO Service Delivery Consultant

2

I (00S15F), and ITO Service Delivery Consultant II (00S15G) HP job codes in California, Florida, Indiana, Massachusetts, Michigan, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and/or Virginia from June 16, 2009 through and including November 4, 2014;

(B) "PUTATIVE SALVA FLSA CLASS," which refers to any and all persons employed by HP in the Service Information Developer I (Code No. 00S46F), ITO Service Delivery Consultant I (00S15F), and ITO Service Delivery Consultant II (00S15G) HP job codes (the "Covered Salva Job Codes") from June 16, 2009 through and including November 4, 2014;

(collectively, the "Salva Settlement Classes").

2. The Court finds that the PUTATIVE SALVA STATE LAW CLASS, as defined above, satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3) for the purposes of settlement, and that the PUTATIVE FLSA CLASS satisfies the requirements to be maintainable as a collective action under 29 U.S.C. § 216(b). The Court finally certifies the Salva Settlement Classes for purposes of settlement of this action only.

3. The Court previously conditionally certified a collective action consisting of all individuals employed by EDS in twenty (20) distinct EDS job codes. These covered EDS job codes were: Information Associate (Code No. 34330), Information Analyst (34200), Information Specialist (34210), Information Specialist Senior (34220), Infrastructure Analyst (34260), Infrastructure Specialist (34270), Infrastructure Specialist

3

Senior (34280), Service Center Analyst (34530), Service Center Analyst Advanced (34540), Service Center Analyst Senior (34550), Systems Administrator (34060), Systems Administrator Advanced (34070), Systems Administrator Senior (34080), Telecommunications Analyst (34500), Telecommunications Analyst Advanced (34510), Telecommunications Analyst Senior (34520), Information Security Analyst (33700), and Information Security Analyst Advanced (33710), Information Security Analyst Senior (33720), and Information Security Master (33730). Following the mailing of notice to the conditionally certified collective, approximately 2,735 individuals across the twenty (20) distinct EDS job codes opted in to the Cunningham Litigation (the "Cunningham Opt-Ins").

4. The Notice of Settlement of Class and Collective Action ("Settlement Notice") given to the members of the Salva Settlement Classes and the Cunningham Opt-Ins adequately informed the class members of, among other things, the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the members of the Salva Settlement Classes and the Cunningham Opt-Ins of a toll-free number for the Claims Administrator and a website at which they could access additional information regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B). Further, on May 12, 2015, the Court ordered a supplemental notice to be mailed to up to 663 settlement class members who had signed release agreements with Defendants and

4

such individuals were accorded 30 days from mailing of that supplemental notice to submit claim forms.

5. The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate to all members of the Salva Settlement Classes and the Cunningham Opt-Ins. The Court finds that extensive investigation, research and litigation has been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third party neutral.

6. In accordance with the Settlement Agreement, Defendants shall provide funds to the Claims Administrator so that the SETTLEMENT PAYMENTS for AUTHORIZED CLAIMANTS are mailed within twenty (20) days of the "FINAL EFFECTIVE DATE" as defined in the Settlement Agreement.

7. Class Counsel shall be awarded $3,800,000.00 [~~thirty-three and one-third (33.33%)~~] [initialed] [~~percent of the Maximum Gross Settlement Amount ($11,800,000.00)~~] for fair and reasonable attorneys' fees, as well as $245,832.54 for fair and reasonable costs and expenses incurred in the prosecution of this litigation, such award to be paid from the Maximum Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs and expenses incurred by Class Counsel as specified in the Settlement Agreement, and it is ordered that the Claims Administrator shall provide payment of these attorneys' fees, costs and expenses to Klafter Olsen & Lesser LLP for distribution to Class Counsel within twenty (20) days of the "FINAL EFFECTIVE DATE" as defined

5

in the Settlement Agreement.

8. Service Payments, as set forth in Section III.G of the Settlement Agreement, are approved for Cunningham Named Plaintiffs and Salva Named Plaintiffs, both in satisfaction of their claims asserted in the LITIGATION as well as due to their performance of substantial services for the benefit of the Cunningham Opt-Ins and the Salva Settlement Classes. Such awards are to be paid from the Maximum Gross Settlement Amount as specified in the Settlement Agreement.

9. Class Counsel's application for the payment of the reasonable fees, costs and expenses of the Claims Administrator is approved, and such are to be paid from the Maximum Gross Settlement Amount as specified in the Settlement Agreement.

10. Class Counsel's application for the payment of the reasonable fees, costs and travel-related expenses of the Mediator (as defined in the Settlement Agreement) are to be paid from the Maximum Gross Settlement Amount as specified in the Settlement Agreement.

11. The Court finds and determines that the payments to be made to the members of the Salva Settlement Classes and Cunningham Opt-Ins, as provided in the Settlement Agreement are fair, reasonable and adequate and gives final approval to and orders that those payments be made to the members of the Salva Settlement Classes and Cunningham Opt-ins who submitted valid timely Claim Forms and W-9 Forms in accordance with the Settlement Agreement and whose Claim Forms were approved by the Claims Administrator.

12. This Court hereby dismisses all claims released in the Settlement Agreement of the Parties on the merits and with prejudice ("RELEASED CLAIMS" as

defined in the Settlement Agreement) and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement. The Court further orders that any potential member of the PUTATIVE SALVA STATE LAW CLASSES who did not timely opt out of this case (member of the "SALVA STATE LAW SETTLEMENT CLASS") and their respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns (collectively, the "SALVA STATE LAW RELEASING PERSONS") are hereby barred and permanently enjoined from prosecuting, commencing or continuing any and all past and present wage and hour matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any SALVA STATE LAW RELEASING PERSON has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or un-asserted, that occurred at any time up to and including November 4, 2014 against Defendants and each of its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans

sponsored or administered by Defendants, divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of Defendants for which any member of the PUTATIVE SETTLEMENT CLASSES performed work or services during their employment with Defendants. ("RELEASED PERSONS") including without limitation (pursuant to Section III.H. of the Settlement Agreement): (1) any and all claims asserted in the LITIGATION; (2) any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about wages or for asserting wage-related claims and/or any other claims of any kind, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including but not limited to the FLSA, 29 U.S.C. § 201, *et seq.*; (3) all wage-related claims under state or common law as detailed in Sections III.H.3-4 of the Settlement Agreement; (4) any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or and missed or interrupted meal breaks), implied contract, money had and received in assumpit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records; (5) any and all claims pursuant to or derived from ERISA, 29 U.S.C. § 1001, *et seq.*, based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages; (6) any and all claims for attorneys' fees, costs and expenses; and (7) any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations.

13. All persons who are members of the SALVA PUTATIVE FLSA CLASS who timely opted into this case by timely filing a Claim Form and W-9 Form (member of the "SALVA FLSA SETTLEMENT CLASS") and their respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns (collectively, the "SALVA FLSA RELEASING PERSONS") are hereby barred and permanently enjoined from prosecuting, commencing or continuing any and all past and present wage and hour matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any SALVA FLSA RELEASING PERSON has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or un-asserted, that occurred at any time up to and including November 4, 2014 against Defendants and each of its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by Defendants, divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of Defendants for which any member of

the PUTATIVE SETTLEMENT CLASSES performed work or services during their employment with Defendants. ("RELEASED PERSONS") including without limitation (pursuant to Section III.H of the Settlement Agreement): (1) any and all claims asserted in the LITIGATION; (2) any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about wages or for asserting wage-related claims and/or any other claims of any kind, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including but not limited to the FLSA, 29 U.S.C. § 201, *et seq.*; (3) all wage-related claims under state or common law as detailed in Sections III.H.3 of the Settlement Agreement; (4) any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or and missed or interrupted meal breaks), implied contract, money had and received in assumpit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records; (5) any and all claims pursuant to or derived from ERISA, 29 U.S.C. § 1001, *et seq.,* based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages; (6) any and all claims for attorneys' fees, costs and expenses; and (7) any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations. Any member of the PUTATIVE SALVA FLSA CLASS who did not timely opt into this case is not barred by this Order from pursing FLSA claims against HP.

14. All Cunningham Opt-ins who timely filed a Claim Form and W-9 Form

(member of the "CUNNINGHAM SETTLEMENT CLASS") and their respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns (collectively, the "CUNNINGHAM RELEASING PERSONS") are hereby barred and permanently enjoined from prosecuting, commencing or continuing any and all past and present wage and hour matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any CUNNINGHAM RELEASING PERSON has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or un-asserted, that occurred at any time up to and including November 4, 2014 against Defendants and each of its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by Defendants, divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of Defendants for which any member of the PUTATIVE SETTLEMENT CLASSES performed work or services during their employment with Defendants. ("RELEASED

PERSONS") including without limitation (pursuant to Section III.H of the Settlement Agreement): (1) any and all claims asserted in the LITIGATION; (2) any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about wages or for asserting wage-related claims and/or any other claims of any kind, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including but not limited to the FLSA, 29 U.S.C. § 201, *et seq.*; (3) all wage-related claims under state or common law as detailed in Section III.H.3 of the Settlement Agreement; (4) any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or and missed or interrupted meal breaks), implied contract, money had and received in assumpit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records; (5) any and all claims pursuant to or derived from ERISA, 29 U.S.C. § 1001, *et seq.*, based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages; (6) any and all claims for attorneys' fees, costs and expenses; and (7) any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations.

15. The following individuals, having opted-out of the Settlement are excluded from the Settlement, and, accordingly, did not release any of the claims set forth in paragraphs 13-14, above, and retain those claims, provided, however, that any such individual who was sent a supplemental notice, as ordered by the Court on May 12, 2015,

shall have until June 13, 2015 to submit a claim in which case such individual shall have released their claims as provided for in paragraphs 13-14 and the parties are ordered to submit a revision to the judgment to address any such individuals, Muhammad (Malik) Awais, Hector Cardenas, Dan Citron; Theresa Harris, Dana Henson, Beth Hewett, Paula Hitchcock, Audrey Kellogg, Mark L. Palmer, Shelley Bretzmann, Theresa Murphy, and Deshawn Ziyad.

16. HP will not assert the release obtained through this settlement as a defense to (a) an FLSA claim brought by any individual who opted into *Benedict v. Hewlett Packard Company*, Case No. C 13-0119 BLF (N.D. Cal.) ("Benedict"), as an FLSA opt-in plaintiff, whether pursued as part of the Benedict collective action or separately, or (b) a state law wage-and-hour claim for any individual within any Rule 23 class eventually certified in Benedict under the laws of such states within any Rule 23 class eventually certified in Benedict; whereas to both (a) and (b), such FLSA or state law wage-and-hour claims are based on the individual's employment in a Technical Solutions Consultant I-III, Field Technical Support Consultant I-III, or Technology Consultant I-III job code for the applicable class period in Benedict. HP retains all other defenses and objections, including but not limited to application of all statutes of limitations or repose, and HP is not barred from enforcing any WFR or other release as a defense to any claim or issue with respect to such individuals.

17. The FLSA claims of any Cunningham Opt-In who did not timely submit a Claim Form and W-9 Form are hereby dismissed with prejudice as of the date of this Order.

18. As provided for in Section III.L of the Settlement Agreement, if the settlement is terminated or cancelled pursuant to the terms of the Settlement Agreement, then the Settlement Agreement, and the certification of the Salva Settlement Classes provided for herein, will be vacated, and the Litigation shall proceed as though the Settlement Classes had never been certified, without prejudice to any party's position on the issue of class or collective action certification or any other issue, and the Amended Complaint shall be withdrawn.

19. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

DONE AND ORDERED, this 16th day of June, 2015.

*Loretta A. Preska*
THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE